IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| UNBREAKABLE NATION CO. | : | BANKRUPTCY NO. 09-10131-jkf |
| | : | |
| Debtor | : | |
| | : | |

### APPLICATION OF UNBREAKABLE NATION COMPANY PURSUANT TO SECTIONS 327(a) AND 328(a) FOR AUTHORIZATION TO EMPLOY WOLFBLOCK LLP AS ITS COUNSEL *NUNC PRO TUNC* TO FEBRUARY 26, 2009

Unbreakable Nation Company ("**Debtor**") and Applicant herein, respectfully represents as follows:

1. On January 7, 2009, the above-captioned Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code, docketed at No. 09-10131.

2. The Debtor is not sufficiently familiar with the rights and duties of a debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel.

3. The Debtor originally engaged Gibson & Perkins to represent it in this case. Gibson & Perkins and the Debtor have agreed that the Debtor will hire WolfBlock LLP to replace Gibson & Perkins. No application was filed seeking bankruptcy court approval for the Debtor to hire Gibson & Perkins.

4. The Debtor requests authority to employ the law firm of WolfBlock, LLP ("**WolfBlock**") as its counsel *nunc pro tunc* to February 26, 2009.

5. The Debtor has made a careful and diligent inquiry into the qualifications and competence of WolfBlock and is advised that WolfBlock, by reason of ability, integrity, and professional experience, is capable of providing legal counsel to the Applicant. WolfBlock has no interest adverse to the estate or to the Applicant.

PHL:5979696.1/1-102002

6. Applicant has engaged the services of WolfBlock as counsel to the Debtor, subject to Court approval.

7. WolfBlock will render the following professional services:

(a) to give Debtor legal advice with respect to its powers and duties as a Debtor and Debtor-in-Possession;

(b) to take all necessary actions to protect and preserve the value of the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor and the negotiation of disputes in which the Debtor is involved;

(c) to prepare on behalf of the Debtor all necessary applications, motions, answers, orders, reports and other papers in connection with the administration of the estate and serve fact papers on creditors; and

(d) to take all necessary actions in connection with a plan of reorganization and related disclosure statements and to perform all other legal services for the Debtor which may be necessary or required in connection with the administration of the Debtor's estate.

8. To the best of the Debtor's knowledge, the members of, counsel to and associates of WolfBlock have no connection with or any interest adverse to the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the attached Verified Statement of Gretchen M. Santamour. The Verified Statement of Gretchen M. Santamour, Esq. is attached hereto as **Exhibit "A."**

9. Based upon Ms. Santamour's Verified Statement, WolfBlock is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code. The Debtor has been informed that WolfBlock will

PHL:5979696.1/1-102002

conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, WolfBlock will supplement its disclosure to the Court.

10. WolfBlock hereafter will apply for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of Pennsylvania (the **"Local Rules"**), the guidelines (the **"Guidelines"**) established by the United States Trustee for the Eastern District of Pennsylvania (the **"U.S. Trustee"**), and further orders of this Court (**"Orders"**) for all services performed and expenses incurred after the Commencement Date subject to the filing of proper applications for compensation in accordance with *In re Busy Beaver Building Centers Inc.*, 19 F.3d 833 (3d Cir. 1994).

11. Pursuant to Section 328(a) of the Bankruptcy Code, the Debtors may retain WolfBlock on any reasonable terms and conditions. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, it is proposed that WolfBlock be compensated at its customary hourly rates for services performed that are in effect from time to time and to reimburse WolfBlock according to its customary reimbursement policies subject to approval by the court. The Debtor believes that the rates stated in the Verified Statement are reasonable.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the Debtor to employ WolfBlock as its attorneys and enter the Order attached hereto.

                              **UNBREAKABLE NATION COMPANY**

                              By: _____
                              Robert A. Vito, President

Dated: February 27, 2009